FILED
CLERK
1:12 pm, Mar 19, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCHENKER, INC.,

                    Plaintiff,

       -against-                                 17-CV-2967 (SJF)(AKT)

ARNOFF MOVING & STORAGE INC.,              **ORDER**

                    Defendant.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

     Pending before the Court are the objections of defendant Arnoff Moving & Storage Inc. ("defendant") to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 21, 2018 ("the Report"), recommending that defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the state law claims asserted against it by plaintiff Schenker, Inc. ("plaintiff") be denied. For the reasons stated herein, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I.     Standard of Review

     Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, to accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P.

1

72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Defendant's Objections

Defendant contends, *inter alia*, that Magistrate Judge Tomlinson erred (i) in assuming all facts alleged by plaintiff in the complaint to be true, when certain facts "have been specifically denied by moving defendant and defendant intend [sic] to contest th[o]se 'facts' through this litigation[,]" (Plf. Obj. at 1); and (ii) in finding "that plaintiff avoided dismissal by neither confirming nor denying its status" as an assignee of the shipper, since plaintiff's purported failure to deny that it is an assignee of the shipper "should be enough to warrant dismissal of the common law and contractual causes of action[,]" and plaintiff should not be permitted to "escape . . . from proper application of [the] Carmack [Amendment to the Interstate Commerce Act]," by its "artful pleading," *i.e.*, by keeping its relationship with the shipper "a mystery." (*Id.* at 2).

Plaintiff's first objection is clearly without merit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations and citation omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that on a Rule 12(b)(6) motion, "[f]actual

allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]")

Upon *de novo* review of the Report and all motion papers, and consideration of defendant's objections to the Report and plaintiff's response thereto, defendant's objections are overruled and the Report is accepted in its entirety. Contrary to defendant's contention, Magistrate Judge Tomlinson did not find that "plaintiff alleges that it is an assignee of its customer shipper's rights and it can maintain a Carmack Amendment claim even though it is a broker." (Plf. Obj. at 1). Rather, Magistrate Judge Tomlinson found that while it may be the case, as argued by defendant, that plaintiff is an assignee of the shipper, "the facts currently before the Court as to the contractual relationship between Plaintiff and [its customer-shipper] are insufficient to draw such a conclusion[,]" (Report at 16), and correctly concluded "that an examination of the Complaint and the several documents either incorporated in it or integral to the allegations set forth in it, does not permit a legal determination as to the applicability of the Carmack Amendment at this juncture." (*Id.* at 17). Accordingly, for the reasons set forth in the Report, defendant's motion to dismiss plaintiff's state law claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

IV. CONCLUSION

For the reasons set forth herein, defendant's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, defendant's motion to dismiss

plaintiff's state law claims against it in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

                                                  /s/
                                     Sandra J. Feuerstein
                                     United States District Judge

Dated: March 19, 2018
       Central Islip, New York